IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KATHLEEN GIRAMUR,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO.: 5:22-cv-00529 |
| | § | |
| HONORABLE CHRISTINE E., | § | JURY DEMANDED |
| WORMUTH, SECRETARY, OF THE | § | |
| ARMY, d/b/a BROOKE ARMY | § | |
| MEDICAL CENTER, | § | |
| *Defendant.* | §<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Kathleen Giramur (hereinafter referred to as "Plaintiff" or "Ms. Giramur") in the above-referenced matter, complaining of and about Defendant, Honorable Christine E., Wormuth, Secretary of the Army, d/b/a Brooke Army Medical Center (hereinafter referred to as "Brooke Army Medical Center" or "Defendant"), and for causes of action files this Original Complaint, showing to the Court the following:

### I. PARTIES

1. Plaintiff is an individual residing in San Antonio, Bexar County, Texas. Plaintiff is a citizen of the United States and the State of Texas. The cause of action complained of herein arose at Defendant's facility in Bexar County, Texas.

2. Defendant Christine E. Wormuth is the Acting Secretary of the Army and is being sued in her official capacity as the Acting Secretary of The Army. In accordance with Federal Rules of Civil Procedure Rule 4(i)(1)(2), Plaintiff is serving Defendant by serving the Honorable

Christine E. Wormuth by sending a copy of this pleading and summons to the Agency via certified mail.

3. Plaintiff is serving a copy of this complaint and summons to the Honorable Christine E. Wormuth, at 101 Army Pentagon, Washington, DC 20310-0101, via certified mail.

## II. JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII") and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims that arise under the Texas Commission on Human Rights Act (which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq.) (hereinafter referred to as "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

6. Venue is proper in the Western District of Texas - San Antonio Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where the Defendant's principal place of business exists.

## III. NATURE OF THE ACTION

7. This is an action brought pursuant to Title VII and the TCHRA to correct and recover for Defendant's unlawful sex/gender discrimination, disability discrimination, age discrimination, hostile work environment, retaliation, and to deter Defendant from continuing its unlawful and discriminatory employment practices.

*Plaintiff's Original Complaint*

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On February 24, 2019, Plaintiff filed a dual Charge of Discrimination (Charge No. 451-2019-01429) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and the Texas Workforce Commission (hereinafter referred to as the "TWC") against Defendant for race discrimination, hostile work environment, and retaliation.

9. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, received on February 23, 2022.  Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notices.  Therefore, this lawsuit is timely filed.

## V.   FACTS

10. Plaintiff was hired by Defendant on July 23, 2018, as a Gastroenterology Nurse Practitioner, GS-0610-12.

11. On or around September 2018, Plaintiff began to experience sexual harassment and discrimination from fellow colleagues; employees of Defendant.

12. Plaintiff addressed her concerns with Dr. Allyson Cochet (hereinafter "Dr. Allyson") about the stressful work environment. Plaintiff informed her superior of her fear for her safety.

13. On December 14, 2018, Plaintiff found in one of her exam rooms a drawing depicting an erect penis. Plaintiff filed a formal complaint with Dr. Cochet, and Dr. Carlos Angueira (hereinafter "Mr. Angueira") and neither addressed the drawing depicting an erect male penis found on Plaintiff's exam room grease board.

14. On December 17, 2018, Plaintiff found another pervasive drawing in her exam room. Plaintiff filed another complaint with Dr. Cochet, and Dr. Angueira once again. Both superiors failed to address the drawing depicting a snowman with an erection found on Plaintiff's

exam room grease board.

15. On December 19, 2018, Plaintiff found another explicit drawing. Plaintiff became discouraged as her superiors did not handle the situation professionally and continuously failed to rectify the matter.

16. Plaintiff started to experience anxiety, mental and emotional distress. Plaintiff started to suffer from mental anguish which increased as time progressed into October, November, and December of 2018, with interactions with her first level supervisor, Dr. Cochet.

17. Plaintiff was continuously retaliated against, with each new occurrence triggering her depression and anxiety to worsen.

18. On January 9, 2019, Plaintiff filed a sexual harassment complaint alleging no help from employer or management regarding the sexual drawings being left on her exam room board.

19. On January 2019, Plaintiff reported additional complaints to her first and second leader supervisors, Major Allyson Cochet MD, Assistant Chief of Gastroenterology, and Brooke Army Medical Center. Major Cochet was the first level supervisor when Plaintiff was hired on to the G.I N.P position, until she left her position as supervisor (on or about early January 2019).

20. Management officials, Dr. Carlos Anguiera MD, Chief of Gastroenterology, and Major Allyson Cochet MD, Assistant Chief of Gastroenterology, were aware of Plaintiff's sexual harassment but failed to protect or rectify the situation.

21. Dr. Allyson Cochet and Dr. Carlos Anguiera, the hospital security office (LT Wilmer Matamoras and Chief of BAMC hospital security, and the Brooke Army Medical Center failed to provide a safe working environment.

22. Plaintiff reported to her superiors, Dr. Cochet and Dr. Anguiera that she felt the work environment was hostile and unsafe, and it made it extremely difficult to perform her duties.

Plaintiff felt unsafe staying late in the evenings to finish medical charting.

23. Plaintiff became immune to the unprofessionalism of her supervisors, Dr. Cochet, and Dr. Anguiera. Consistently, Plaintiff had to endure the sexual innuendos, hiring practices, lack of experience, and a predominately male-exclusive culture. Plaintiff attempted to discuss the harassment she was experiencing several times, but neither of her superiors acted upon her complaints.

24. On January 24, 2019, Plaintiff was ultimately terminated from her position as a Nurse Practitioner, GS-0610-12; Plaintiff was given a hardcopy sheet stating, "Employee Rights Under Notice of Termination During Probationary Period." Plaintiff reported her protected complaints to the appropriate leaders, and in retaliation, they terminated her position. Plaintiff received a call from the EEOC office instructing her to file with the Army EEO office, which she did on February 13, 2019.

25. In March 2019, Plaintiff began the process to seek employment at Lackland Air Force Base, in the Women's Health Clinic, as a Red-Cross Volunteer provider. During the review of her civilian work record, the Credentialing officer said that Plaintiff's former Army employer had made a comment stating that in approximately March of 2019, after her termination, that Plaintiff sustained an altercation with a physician. Plaintiff did not have an altercation with a physician. This was not listed on Plaintiff's termination document from January 24, 2019.

26. Plaintiff sought Equal Employment Opportunity (EEO) counseling on January 11, 2021, but her concerns were not resolved during the informal process.

## VI.   CAUSES OF ACTION
### COUNT 1
### SEX/GENDER DISCRIMINATION
### PURSUANT TO TITLE VII

27. Plaintiff incorporates by reference all of the foregoing allegations in each of the

paragraphs above as if fully set forth herein.

28. Plaintiff is a female, which, in the situation described above and for the purposes of Title VII, makes her a member of a protected class.

29. Plaintiff was clearly qualified for her position at Brooke Army Medical Center, which the absence of any disciplinary or similar record will show.

30. Plaintiff was discriminated against by her male counterparts, after she filed several protected complaints, she was ultimately terminated.

31. Plaintiff was treated differently from other employees of Brooke Army Medical Center because of her sex.

32. No action was ever taken by Defendant to remedy or stop the harassing behavior of towards Plaintiff.

33. As such, Defendant discriminated against Plaintiff on the basis of sex by taking adverse employment action against her, which action was never taken against similarly situated non-members of Plaintiff's protected class.

**COUNT 2**
**DISABILITY DISCRIMINATION AND FAILURE TO ACCOMODATE PURSUANT TO THE ADA**

34. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

35. Plaintiff is a qualified individual within the meaning of the ADAAA (42 U.S.C. § 12111(8)).

36. Defendant is an employer and cover entity under the ADAAA (42 U.S.C. §§ 12111(2), (5)(A)).

37. Plaintiff was an employee of Defendant under the ADAAA (42 U.S.C. § 12111(4)).

6

38. Plaintiff suffered from depression and anxiety. As such, Plaintiff suffers from a disability—a physical impairing condition that substantially limits a major life activity, including, sitting, walking, and working—within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(A), 2(A)&(B)).

39. Defendant regarded or perceived Plaintiff as having a disability within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(C), (3)(A)).

40. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADAAA (42 U.S.C. § 12112).

41. Defendant also discriminated against Plaintiff by being "regarded as" having a disability.

## COUNT 3
## HOSTILE WORK ENVIRONMENT AND HARASSMENT

42. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

43. Through its unlawful and discriminatory employment practices including sex/gender discrimination, disability discrimination, age discrimination, hostile work environment, and retaliation. Defendant subjected Plaintiff to a hostile work environment.

44. Defendant failed to rectify the ongoing harassment Plaintiff was experiencing by and through their agents.

45. Therefore, Plaintiff was discriminated against by Defendant by being subjected to a hostile work environment, contrary to the applicable law of the United States, as interpreted in the relevant precedent of the Supreme Court and the Fifth Circuit.

## XII. **JURY DEMAND**

46. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## XIII. **PRAYER**

47. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

   a. All damages to which Plaintiff may be entitled pursuant to this Original Complaint;

   b. Compensatory damages, including, but not limited to, emotional distress;

   c. Past, present, and future physical pain and mental suffering;

   d. Punitive damages;

   e. Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

   f. Pre-judgment interest at the highest rate permitted by law;

   g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

   h. Costs of Court; and

   i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

[SIGNATURE BLOCK TO FOLLOW]

Respectfully submitted,



Alfonso Kennard, Jr.
Texas Bar No.: 24036888
STDID No.: 713316
5120 Woodway Dr., Suite 10010
Houston, TX  77056
Telephone No.: (713) 742-0900
Facsimile No.: (832) 558-9412
Alfonso.Kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL:**

Eddie Hodges, Jr.
Texas Bar No.: 24116523
Federal Bar No.: 3479748
5120 Woodway Dr., Suite 10010
Houston, TX  77056
Telephone No.: (713) 742-0900
Facsimile No.: (832) 558-9412
Eddie.Hodges@kennardlaw.com